UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN WARANICA,

    Plaintiff,                 CIVIL ACTION NO. 14-CV-11377

vs.                            DISTRICT JUDGE LINDA V. PARKER

                                MAGISTRATE JUDGE MONA K. MAJZOUB

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff John Waranica seeks judicial review of Defendant the Commissioner of Social Security's determination that he is not entitled to Social Security benefits for his physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) The matter has been referred to the undersigned for all pretrial purposes pursuant to 28 U.S.C. § 636(b). (Docket no. 2.)

**I.    Recommendation**

For the reasons discussed herein, the undersigned recommends that this matter be dismissed, without prejudice, for failure to prosecute pursuant to E.D. Mich. Local Rule 41.2 and for failure to comply with the Court's January 12, 2016 Order.

**II.    Discussion**

On May 20, 2015, this matter was transferred, pursuant to Administrative Order 15-AO-033, to a three-judge panel for consideration of a global stay and an inquiry into Plaintiff's counsel's representation. The matter was stayed as part of a global stay on June 9, 2015. (Docket no. 15.)

On October 10, 2015, pursuant to Administrative Order 15-AO-045, the matter was transferred back to the original District Judge. On October 14, 2015, the Court ordered Plaintiff's counsel to send a letter to Plaintiff that would (i) advise that the firm would no longer represent Plaintiff; (ii) advise that Plaintiff would have 60 days to obtain new counsel or Plaintiff would be deemed to be proceeding pro se; (iii) set forth the names of three independent lawyers whom Plaintiff could retain if desired; and (iv) provide information regarding return or transfer of files.

On November 30, 2015, the Court lifted the stay in this matter. (Docket no. 16.) On January 12, 2016, noting that new counsel had not appeared on Plaintiff's behalf in this matter, and in accordance with the Court's determination and the letter described above, the Court terminated the appearance of Attorney James Smith and the Law Firm of Davidson, Breen, Doud, Steele & Ferguson, P.C, noted that Plaintiff would proceed pro se in this matter, and struck the then-existing Motions for Summary Judgment that had been filed in this matter (docket nos. 10 and 12). (Docket no. 18.) The Court also ordered the parties to file new Motions for Summary Judgment; Plaintiff's Motion was to be filed no later than February 12, 2016. (*Id.*)

Importantly, the Court warned Plaintiff that under Fed. R. Civ. P. 41(b), a federal court may sua sponte dismiss a claim for failure to prosecute or comply with an order. *See also* E.D. Mich. LR 41.2 ("[W]hen it appears that . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice . . . enter an order dismissing . . . the case unless good cause is shown."). Therefore, the Court informed Plaintiff that a failure to comply with its order and submit a timely Motion for Summary Judgment may result in a recommendation that this matter be dismissed for failure to prosecute or for failure to comply with the Court's Order.

Plaintiff has not filed a Motion for Summary Judgment, and the February 12, 2016 deadline for doing so has passed. Accordingly, the Court recommends that the instant complaint be dismissed for failure to prosecute and for failure to comply with the Court's Order.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: February 17, 2016                s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

3

## PROOF OF SERVICE

      I hereby certify that a copy of this Report and Recommendation was served on Plaintiff and on counsel of record on this date.

Dated:   February 17, 2016               <u>s/ Lisa C. Bartlett</u>
                                                  Case Manager